UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   09-cv-02155-WYD

MARLENA GRABCZYK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) Pursuant to Fed.R.Civ.P. 60(b)(6) filed September 6, 2011 by Plaintiff's counsel.   The motion request that the Court award reasonable attorney's fees to counsel for Plaintiff pursuant to 42 U.S.C. § 406(b) in the amount of $14,365.50.   This represents 25% of the past-due Social Security benefits awarded by the Commissioner on remand of this case, which amount was withheld by the Commissioner for attorney's fees.   Ex. 1 to Mot. For Fees.   Plaintiff's counsel attached documentation to the motion in support of her fee request.

Turning to my analysis, "[f]or proceedings in court, Congress provided for fees on rendition of 'a judgment favorable to a claimant.'"   *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)).   "As part of its judgment, a court may allow 'a reasonable fee not in excess of 25 percent of the past-due benefits' awarded to

the claimant." *Id.* (quoting *id.*)   "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'"  *Id.* (quoting *id.*)

Having reviewed the Motion, Memorandum and attachments thereto, I find that the amount of fees sought is reasonable for substantially the reasons set forth in the Memorandum.   Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees, and the fee request is consistent with that.   Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."   *Gisbrecht*, 535 U.S. at 807-09.   Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."   *Id.*   I find that the requested fee is reasonable because it reflects the contingent nature of the recovery.

I also find that the fee is reasonable because there was a substantial risk of loss to the attorney in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results were favorable to both Plaintiff and her child, who also received past due benefits.   Finally, the motion indicates that neither Plaintiff nor the Commissioner object to the fees sought in the motion.  Accordingly, it is

ORDERED that the Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's counsel (ECF No. 20) is **GRANTED.**   Plaintiff's counsel is awarded attorney's fee in the amount of **$14,365.50** pursuant to 42 U.S.C. § 406(b).

Dated:   February 9, 2012

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            Chief United States District Judge